IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Roger French | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| vs. | ) | |
| | ) | |
| Scott & Associates PC, | ) | |
| | ) | **COMPLAINT WITH** |
| Defendant | ) | **JURY TRIAL DEMAND** |
| | ) | |
| | ) | |

**PRELIMINARY STATEMENT**

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the *Fair Debt Collection Practices Act* (*FDCPA*), 15 U.S.C. § 1692 et seq.

**PARTIES**

1. Plaintiff, Roger French, is a natural person who resides in Cherokee County, Texas.

2. The Defendant, Scott & Associates PC, is a professional corporation registered in Texas and can be served through its registered agent, National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, Texas 75201.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendant frequently and routinely conducts business in the State of Texas, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Eastern District of Texas because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Tyler Division as the conduct complained of herein occurred in Cherokee County, which is in the Tyler Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 58-year-old man with deteriorating health. He is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of a credit card account that was used by the Plaintiff for the purpose of personal goods and services. and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant's principal business is the collection of consumer debts owed or due, or asserted to be owed or due, to a third party.

10. Defendant holds itself out as "…a multi-state legal recoveries law firm serving the needs of national, state and local financial institutions throughout the southeastern and northeastern United States." https://www.spalaw.com/eng/

11. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

12. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

13. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. As a result of the Plaintiff's disability and inability to maintain competitive employment, he defaulted on a credit card account issued through Synchrony Bank.

15. The defaulted consumer account was subsequently purchased by Portfolio Recovery Associates, LLC ("PRA"). PRA is a national purchaser of defaulted consumer accounts which it then collects upon for its own benefit.

16. PRA engaged the Defendant as its collection agent to pursue the debt from the Plaintiff. To accomplish this task, Defendant engaged in a number of collection activities including mailing letters to Plaintiff seeking payment of the face value of the account, $2,210.34.

17. As a result of his disability and consequent lack of income, it is impossible for the Plaintiff to satisfy the account in collection with the Defendant.

18. Accordingly, on March 11, 2021 the Plaintiff caused to be sent to the Defendant a letter that advises he will not be making a payment on the account and, moreover, that he will call or email Defendant if payments become possible in the future.

19. Per the United States Postal Service, the Plaintiff's letter was delivered to the Defendant's business address on March 19, 2021 at 12:09 p.m.

20. The Fair Debt Collection Practices Act provides an indisputable means by which a consumer may discontinue most communications from a collector, thereby preserving their peace. 15 U.S.C. § 1692c.

21. The act states specifically,

```
If a consumer notifies a debt collector in writing that
the consumer refuses to pay a debt, or if the consumer
wishes the debt collector to cease their communication
with   the   consumer,   the   debt   collector   shall   not
communicate further with the consumer with respect to
such debt.  15 U.S.C. § 1692c(c).
```

22. The statute further provides three exceptions related to future communications that include the debt collector advising the consumer that further efforts are being terminated, that the collector may invoke specified remedies which are ordinarily invoked by such a debt collector, or that the debt collector intends to invoke a specified remedy.

23. The FDCPA does not require Plaintiff's refusal to pay to be unconditional, nor does it require that Plaintiff's wish to be left alone be stated in specific language the most general terms. See *Olivares v. Rausch, Sturm, Israel, Emerson, & Hornik, L.L.C.,* 2013 WL 12109036 (W.D. Tex. Sept. 11, 2013); *Barnes v. Seterus, Inc.*, 2013 U.S. Dist. LEXIS 180418, at *4-5 (S.D. Fla. Dec. 26, 2013).

24. Plaintiff's written correspondence was sent to Defendant with the intention that Defendant cease contacting Plaintiff about the debt.

25. Notwithstanding the written notice provided to the Defendant described herein, Defendant continued to contact the Plaintiff. Specifically, the Defendant mailed a letter on or about April 23rd, 2021 again demanding payment of the account opened by Synchrony Bank and which is a subject of the Plaintiff's letter of March 11, 2021.

26. Defendant's collection letter of April 23rd is reproduced here:



**Scott & Associates PC**
LICENSED IN AL, DC, MD, NY, PA, SC, TN, TX, & VA
ATTORNEYS AT LAW

Mailing Address:
PO Box 115220
Carrollton, Texas 75011-5220

Toll Free: (866) 298-3155
Hours of Operation (CST)
Monday-Friday: 8:00AM-6:00PM
helpdesk@spalaw.com

NYC Dept. of Consumer Affairs Lic. Nos
2044998 and 2045102

April 23, 2021

| ACCOUNT INFORMATION | |
|---|---|
| Current Creditor: | Portfolio Recovery Associates, LLC |
| Original Creditor: | Synchrony Bank |
| Original Account Number: | XXXXXXXXXXXX9713 |
| Our File Number: | PRA-1454306 |
| Balance Due: | $2,210.34 |

## TAX TIME PAYMENT OPTIONS

Dear Dale French,

*Are you expecting a tax refund?* We have options to help you resolve this debt. We would like to work with you to find an arrangement that fits your budget:

- **Option 1:** Pay $773.62, which is $1,436.72 less than the total amount due.
  or
- **Option 2:** Pay $221.03 per month for the next 6 months, which is $884.14 less than the total amount due.

For your convenience, we have multiple payment methods available:

   

**WEB** – For fast and convenient online payments, please visit us at **www.scott-ezpay.com**. (mobile friendly)

**MOBILE APP** – Download our payment app for Apple or Android Phones. Search **IConnect247** in your App Store.

**PHONE** – Call us between 8AM and 6PM CST, M-F to make a single payment or set up recurring payments. 866-298-3155

**MAIL** – Mail Payment to: PO Box 115220 Carrollton, TX 75011

If you are experiencing significant financial hardship due to job loss or medical issues related to COVID-19 or any other hardships, please contact us so we can work together.

Please note that we are not obligated to renew this offer.

Sincerely,

Collections Department
Scott & Associates, P.C.

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

27.     Defendant's letter of April 23rd  does not advise the Plaintiff that Defendant's further efforts are being terminated.

28. Defendant's letter of April 23rd does not advise the Plaintiff the Defendant is invoking specified remedies, which are ordinarily invoked by Defendant.

29. Defendant's letter of April 23rd does not advise Plaintiff that Defendant intends to invoke a specified remedy.

30. Defendant's letter of April 23rd is not subject to the exceptions described in 15 U.S.C. §§§ 1692c(c) (1) (2) or (3).

## INJURIES-IN-FACT

31. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

32. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

33. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

34. Defendant is subjecting Plaintiff to unfair means to collect the debt.

35. Defendants acts and omissions caused particularized harm to the Plaintiff in that they disturbed his right to be free of communication from the Defendant with relation to this debt, and offended the Plaintiff's privacy, peace, and tranquility.

36. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

37. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a.) Being subjected to unfair debt collection practices;

   b.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

   c.) Disturbance of the Plaintiff's peace and his right to be free of communications from the Defendant regarding the debt at issue;

   d.) The Plaintiff suffered a violation of his right to privacy.

   e.) Anxiety and worry caused by concern that Defendant was going to continue communication to the Plaintiff regarding the debt despite his clear advisement that no payment would be made. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect his demeanor, his ability to engage in

daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692c and subparts*

38. The communication from the Defendant of April 23, 2021 violated 15 U.S.C. § 1692c(c).

### TRIAL BY JURY

39. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 31st day of August 2021.

[Signatures follow]

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*